**UNITED STATES DISTRICT COURT**
**DISTRICT OF FLORIDA**

**Case No.  0:24cv62039**

FERNANDO MEDINA,

     Plaintiff,

v.

                                               **JURY TRIAL DEMANDED**

MEDICREDIT INC,

                                               **INJUNCTIVE RELIEF SOUGHT**

     Defendant.

_____/

## COMPLAINT

Plaintiff Fernando Medina ("Plaintiff") sues MediCredit Inc ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"),

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant is a Missouri Corporation, with its principal place of business located in Earth City Missouri.

## DEMAND FOR JURY TRIAL

5. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

6. On November 8, 2022, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Work-Injury").

7. On April 21, 2023, Emergency Medicine Services of FL ("Care Provider") provided Plaintiff with a portion of the required medical services needed to treat the Work-Injury, whereby the only medical services provided to Plaintiff by Care Provider were for the treatment of the Work-Injury.

8. At the time Care Provider provided its respective medical services to Plaintiff, Plaintiff informed Care Provider that the sought treatment was for the Work-Injury.

9. Care Provider charged a fee for the provision of its (Care Provider's) respective medical services for treatment of the Work-Injury (the "Consumer Debt").

10. The Consumer Debt arose from Plaintiff's work-related accident and injuries.

11. Care Provider knew that payment of the Consumer Debt was the responsibility of Plaintiff's employer and/or the insurance carrier of Plaintiff's employer.

12. Care Provider knew that payment of the Consumer Debt was not Plaintiff's responsibility.

13. Care Provider knew that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff. Despite knowing this, however, Care Provider began attempting to collect the Consumer Debt from Plaintiff.

14. Thereafter, and despite knowing that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff, Care Provider contacted Defendant to collect, or attempt to collect, the Consumer Debt from Plaintiff.

15. On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

16. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

17. Defendant is a business entity engaged in the business of collecting consumer debts.

18. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

20. Defendant's "Consumer Collection Agency" license number is CCA0900581.

21. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

22. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

23. For Defendant's "Consumer Collection Agency" license to remain valid, Defendant is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

24. Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

25. Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant *shall* maintain: "basic information about the debt including, at minimum…

[d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

26.     On a date better known to Defendant, Defendant sent a collection letter, internally dated December 12, 2023, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

27.     The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

28.     The Collection Letter represents an action to collect a debt by Defendant.

29.     Defendant, by way of the records which it (Defendant) is required to maintain to retain a valid Consumer Collection Agency license with the Florida Department of State, knew that the Consumer Debt arose from the treatment of the Work-Injury and otherwise knew that it (Defendant), as well as Care Provider, did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

30.     Plaintiff incorporates by reference paragraphs 6 through 29 of this Complaint.

31.     Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

32.     Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

33. An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

34. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. § 1692e(2)(A). (emphasis added).

35. As stated above, Defendant sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter falsely represents that Plaintiff is responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by Care Provider, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

36. Defendant by and through the Collection Letter, falsely represents the character of the Consumer Debt, *in that*, the Collection Letter falsely represents Consumer Debt as a debt which Plaintiff is solely responsible and/or otherwise obligated to pay.

37. Further, by and through the Collection Letter, Defendant *falsely* represents the amount of the Consumer Debt, *in that*, the  sought by the Collection Letter exceeds the amount which Care Provider is entitled pursuant to the fee schedules and/or guidelines for services rendered to injured workers such as Plaintiff.

38. Thus, by and through the Collection Letter, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the *character* of the Consumer Debt, as well as by falsely representing the *amount* of the Consumer Debt.

39. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory and actual damages as provided by 15 U.S.C. § 1692k;

(b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(c) Any other relief that this Court deems appropriate under the circumstances.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: October 30, 2024

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:   Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33301
Phone:   561-542-8550